IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-21-0037 |
| DANIEL FLEMING, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Daniel Fleming's Motion to Reduce Sentence. (ECF No. 215.) He brings the Motion pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (*Id.*) The Court will deny the Motion.

Amendment 821, which was given retroactive effect, is a multi-part amendment. Part A limits the criminal history impact of "status points." Specifically, as is relevant here, a defendant's status points are decreased by one point if he had seven or more criminal history points, and his status points are eliminated if he had six or fewer criminal history points when sentenced.

The Court has reviewed Mr. Fleming's Presentence Report ("PSR"). It indicates that he "committed the instant offense while under a criminal justice sentence for CDS: Possession with Intent to Distribute Narcotics" and that "therefore, two points are added" to his criminal history score pursuant to USSG §4A1.1(d). (ECF No. 137 ¶ 42.) His total criminal history score was therefore calculated to be 15, which established a criminal history category of VI. (*Id.* ¶ 43.) His PSR also indicates that "the defendant is determined to be a career offender, which also results in a criminal history category VI" pursuant to USSG §4B1.1(b). (*Id.* ¶ 44.)

Because his criminal history computation would still be VI based upon his status as a career offender, Mr. Fleming cannot avail himself of Part A of Amendment 821. *See United States v.*

*Smith*, Crim. No. 19-312-MOC-DCK, 2024 WL 253659, at *2 (W.D.N.C. Jan. 23, 2024) ("And while the probation office assessed Smith two criminal history points for committing his offense while under a criminal justice sentence those two points did not alter Smith's criminal history category or guideline range. Instead, Smith's criminal history category and guideline range were dictated by his career offender status."); *United States v. Williams*, Crim. No. 20-91-01, 2024 WL 947841, at *2 (S.D. W. Va. Mar. 5, 2024) ("Even though Mr. Williams received two points for status, he is ineligible for a sentence reduction pursuant to Amendment 821. The Court determined that Mr. Williams qualified as a career offender which resulted in a Criminal History Category of VI. His guideline range was not the result of the status points he received, but rather the result of his classification as a career offender.").

Accordingly, it is ORDERED that Mr. Fleming's Motion (ECF No. 215) is DENIED.

DATED this 5 day of June, 2024.

BY THE COURT:

James K. Bredar
United States District Judge